UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS SCHUTT,<br><br>                    Plaintiff,<br><br>    v.<br><br>LUKE GARDNER, LUKE GARDNER, LLC and F/V QUANTUM LEAP,<br><br>                    Defendants. | CASE NO. 18-5832 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR ADDITIONAL TIME AND ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |

      This matter comes before the Court on the Defendants' Motion for Additional Time (Dkt. 42) and the Plaintiff's Application for Attorney's Fees (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

      This case arises from the Defendants alleged failure to pay the Plaintiff full wages from the 2015 fishing season. Dkt. 1. It is undisputed that the Court has jurisdiction over the parties under maritime law. 28 U.S.C. § 1333. After the parties' cross motions for summary judgment were granted, in part, and denied, in part (Dkt. 32), the Plaintiff accepted the Defendants' offer of judgment (Dkts. 33 and 34). The offer and acceptance specifically reserved the issue of award of attorney's fees for later motion. Dkts. 33 and 34. The Defendants' Motion for Additional

Time (Dkt. 42) and the Plaintiff's Application for Attorney's Fees (Dkt. 36) followed. For the reasons provided below, the Defendants' Motion for Additional Time (Dkt. 42) should be granted and the Plaintiff's Application for Attorney's Fees (Dkt. 36) should be granted, in part, and denied, in part.

## I. FACTS

The background facts and procedural history are in the February 5, 2019 Order on Cross Motions for Summary Judgment (Dkt. 32, at 1-6) and are adopted here, by reference. That Order provided that "to the extent that the Plaintiff makes claims under Washington state laws RCW 49.52.070 and RCW 49.48.030, they are available to supplement federal maritime law." Dkt. 32, at 9.

The Plaintiff now moves for an award of attorneys' fees under RCW 49.52.70 and RCW 49.48.030 in the amount of $44,820.00. Dkts. 36 and 43. Plaintiff seeks an award for the lodestar amount with a 1.5 multiplier for the contingent nature of the case. *Id.*

The Defendants motion for extension of time requests an extension to file their response to the motion for attorneys' fees (Dkt. 40), which was filed a day late, on March 26, 2019. Dkt. 42. In that response, the Defendants argue that the hourly rate ($400) requested is not reasonable. Dkt. 40. They point out that around 12 hours of the 83.1 hours is for time not contemporaneously kept, and argue that it should be excluded. *Id.* The Defendants further maintain that the lodestar amount should be reduced because the fees requested $44,820.00 (especially with the multiplier) are grossly disproportionate to the amount recovered, $6,000. *Id.* The Defendants also state that they are not waiving their arguments, raised on summary judgment, regarding the applicable law - in particular whether Washington state's fee shifting statutes are properly applied here. *Id.* They state "[t]hose arguments are not waived, but [they] have no expectation that the court will change its mind only weeks after its prior decision." *Id.*, at 12. The Defendants do not move for

reconsideration of the February 5, 2019 Order on Cross Motions for Summary Judgment, and so the Court will not construe these statements as such a motion, particularly because such a motion would be five weeks late. W.D. Wash. Local Rule 7 (h)(2).

After the Plaintiff filed two replies, one before and one after the response, (Dkts. 39 and 43), the Defendant filed a surreply (Dkt. 46), and again argues that the Plaintiff did not properly support the claim for attorneys' fees regarding the hourly rate requested and failed to properly account for all hours billed.

## II. DISCUSSION

### A. MOTION FOR EXTENSION OF TIME TO FILE RESPONSE

Under Fed. R. Civ. P. 16 (b)(4), extensions of time may be granted for good cause.

The Defendants' Motion for Additional Time (Dkt. 42) should be granted. The Defendants have shown sufficient good cause for the one day extension they request. While the Plaintiff points out that the Defendants failed to properly note the motion for extension of time, the Plaintiff filed a timely response. The Defendants' response (Dkt. 40) to the Plaintiff's motion for an award of attorney's fees should be considered.

### B. MOTION FOR AWARD OF ATTORNEY'S FEES

Both RCW 49.52.070 and RCW 49.48.030 provide for recovery of attorneys' fees if a litigant is successful in recovering wages owed. The Plaintiff accepted the Defendants' offer of judgment, and so the parties do not dispute that he was successful for purposes of the statutes.

Under both Washington and federal law, in determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Chuong Van Pham v. City of Seattle, Seattle City Light,* 159 Wash.2d 527, 540 (2007); *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986)(*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Under Washington law, "after the lodestar has been calculated, the court may consider adjusting the award to reflect additional factors." *Chuong,* at 541. "Adjustments to the lodestar are considered under two broad categories: the contingent nature of success, and the quality of work performed." *Id.* Likewise, under federal law, "[w]hile in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)(*internal quotations marks and citations omitted*).

This opinion will first address the amount awarded under using the lodestar calculation and then address whether a departure from that amount is warranted.

    1. Lodestar Amount

        a. <u>Hourly Rates</u>

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

The hourly rate requested by Plaintiff's attorney is $400 for Ms. Olsson. Dkt. 37. The claimed a rate of $400 per hour, while high, is reasonable for the community. Ms. Olsson has

supported the $400 hourly rate by substantial evidence. Dkt. 38. That rate is reasonable and should be used to calculate fees.

      b. Hours Billed

  "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Hours should be excluded that are "spent on unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time." *Chuong,* at 538; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008) (excluding hours that are "excessive, redundant, or otherwise unnecessary")). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Chuog,* at 540-541; and *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995). *Id.*

  For work done August 23, 2018, through the filing of the motion for attorneys' fees, on March 8, 2019, the Plaintiff's lawyer seeks an award for 72.3 hours. Dkt. 37, at 10-18. She seeks an additional 10.8 hours for additional communication with her client, drafting the reply and responding to the motion for additional time (Dkt. 45, at 2) for a total of 83.1 hours.

  Defendant argues that 12.4 hours, for which her records were not contemporaneously kept, should be excluded. Dkt. 40.

  "The lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989).

The number of hours requested in this case is reasonable. The Plaintiff's counsel has supplied sufficient evidence to support the claimed 12.4 hours for which extemporaneous records were not kept. Dkt. 37, at 2-3. She explains that at least 9.2 hours was spent on the Plaintiff's motion for summary judgment and the remaining 3.2 hours was a conservative estimate based on review of emails and a draft of a pleading. *Id.* The remaining hours claimed are adequately documented. While "courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case," *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006), there is no evidence of that here. The number of hours claimed here, 83.1, is reasonable.

### c. Lodestar Conclusion

The hourly rate of $400.00 multiplied by the reasonable time spent, 83.1 hours, is $33,240.00. Accordingly, unless there are grounds for departure, the Plaintiff should be awarded $33,240.00 in attorneys' fees.

### 2. *Deviation from the Lodestar*

The Plaintiff seeks a multiplier of 1.5 due to the contingent nature of the case. Dkt. 36. The Defendants seek a reduction in the award considering that the case settled for $6,000. Dkt. 40. Each shall be considered under both state and federal law.

### a. Upward Adjustment to Lodestar Amount Based on State Law

Under Washington law, upward adjustments to the lodestar can be made based on the contingent nature of the case. *Chuong,* at 541. In adjusting the lodestar to account for the contingent nature of the case, "the trial court must assess the likelihood of success at the outset of the litigation." *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 598 (1983). "[T]he contingency adjustment is designed solely to compensate for the possibility that the litigation would be unsuccessful and that no fee would be obtained." *Id.*, at 598-99 (*internal citations*

*omitted*). Here, considering the nature of the claim and applicable law, the Plaintiff had an even or better chance of recovery. So, this consideration does not weigh in favor of increasing the fees awarded.

Moreover, "[t]o the extent . . . that the hourly rate underlying the lodestar fee comprehends an allowance for the contingent nature of the availability of fees, no further adjustment duplicating that allowance should be made." *Bowers,* at 599. Ms. Olsson's requested hourly rate of $400 an hour, for a lawyer who has been practicing for less than 10 years, is on the high side. While still reasonable, it "comprehends an allowance for the contingent nature of the availability of fees" and so an increase in fees should not be made based on the contingent nature of the case. Further, the quality of the work performed is also reflected in the hourly rate, and so does not provide a basis to increase the fees. *Bowers,* at 599 (noting that the "quality of the work performed" is an "extremely limited basis for adjustment, because in virtually every case the quality of work will be reflected in the reasonable hourly rate). No increase in the lodestar amount is warranted.

### b. <u>Downward Adjustment to Lodestar Amount Based on State Law</u>

Under Washington law, a "lodestar figure which grossly exceeds the amount involved should suggest a downward adjustment." *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150 (1993). "While the amount in dispute does not create an absolute limit on fees, that figure's relationship to the fees requested or awarded is a vital consideration when assessing their reasonableness." *Id.* However, "[t]he size of the attorney fees in relation to the amount of the award is not in itself decisive." *Travis v. Washington Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 410 (1988). In determining the amount of an award in relation to the attorneys' fees requested, the court must consider the purpose of the statute allowing for attorney fees. *Fetzer*, at 149.

The Defendants argue that the award of $33,240.00 is grossly disproportionate to the amount of wages alleged to be improperly withheld, $2,314, and to the amount for which the case settled, $6,000, and so argue that the award of fees should be reduced.

The Defendants have failed to show that there should be a reduction in the lodestar figure here. RCW 49.52.70 was "enacted to prevent abuses by employers in the labor-management setting" and reflects "the legislature's strong policy in favor of payment of wages to employees." *Jumamil v. Lakeside Casino, LLC*, 179 Wn. App. 665, 682 (2014). A reduction in attorneys' fees due to the size of the recovery conflicts with the remedial purposes behind the wage statues. Furthermore, while the award of fees is around five and a half times that of the amount recovered, it has not been shown to be grossly disproportionate. No reduction should occur.

          c.    Adjustment Based on Federal Law – *Kerr* Factors

Likewise, there is no reason to depart from the lodestar amount under federal law considering the *Kerr* factors. Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

There is no showing that the time and labor required justifies a departure from the lodestar amount here. The case was not particularly novel or difficult and required average skill

ORDER ON DEFENDANTS' MOTION FOR ADDITIONAL TIME AND ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES - 8

to perform the legal services properly.  There is no evidence that the case resulted in the preclusion of other employment or that the fees awarded here are not customary.  The contingent nature of the case is accounted for in the higher hourly rate charged.  There is no evidence that there were time limitations placed by the client.  The amount involved, $6,000, and the results obtained, settlement after summary judgment motions were filed, does not favor a reduction or increase in the lodestar amount.  The experience, reputation, and ability of the attorneys is reflected in the hourly rate, so no departure is warranted for that.  There is no evidence regarding the 'undesirability' of the case, the nature and length of the professional relationship with the client, or awards in similar cases.  None of these factors counsel in favor of a reduction, or an increase, in the lodestar amount.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Defendants' Motion for Additional Time (Dkt. 42) **IS GRANTED**; and
- The Plaintiff's Application for Attorney's Fees (Dkt. 36) **IS:**
    - **GRANTED, IN PART, AS FOLLOWS**: The Plaintiff is entitled to an award of reasonable attorneys' fees in the amount of $33,240.00.
    - **DENIED, IN PART, AS FOLLOWS:**  The Plaintiff is not entitled to a multiplier on the award of attorneys' fees.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of April, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge